Steven T. Lowe, Esq. SBN 122208
steven@lowelaw.com
Kris LeFan, Esq., SBN 278611
kris@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Hao Ni (*pro hac vice* to be submitted)
hni@nilawfirm.com
Timothy Wang (*pro hac vice* to be submitted)
twang@nilawfirm.com
Neal Massand (*pro hac vice* to be submitted)
nmassand@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 310
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff*
*TriDim Innovations, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TriDim Innovations, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Apple, Inc.<br><br>　　　　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TriDim Innovations, LLC ("TriDim" or "Plaintiff") files this Complaint for patent infringement against Defendant Apple Inc. ("Apple" or "Defendant") alleging as follows:

## PARTIES

1. Plaintiff TriDim is a Virginia limited liability company having a principal place of business at 5105 Claybank Lane, Centerville, VA 20120.

2. On information and belief, Defendant Apple is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014. On information and belief, Apple may be served via its registered agent, CT Corporation System, 818 West Seventh St., 2nd Floor, Los Angeles, CA 90017.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Apple has transacted business in this district, and has committed acts of patent infringement in this district.

5. On information and belief, Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,838,326

6. TriDim is the owner by assignment of United States Patent No. 5,838,326 ("the '326 Patent") entitled "System for Moving Document Objects in a 3-D Workspace." The '326 Patent issued on November 17, 1998. A true and correct copy of the '326 Patent is attached as Exhibit A.

7. Upon information and belief, Apple has been and is now infringing the '326 Patent in the State of California, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale products that infringe one or more claims of the '326 Patent. Apple products that infringe one or more claims of the '326 Patent include, but are not limited to, Apple's products that (1) use the iOS7 and iOS8 operating systems and include the Safari browser, (2) incorporate the "Cover Flow" user interface, and (3) include "Time Machine." Apple is directly infringing, literally infringing, and/or infringing the '326 Patent under the doctrine of equivalents. Apple is thus liable for infringement of the '326 Patent pursuant to 35 U.S.C. § 271.

8. As a result of Apple's infringement of the '326 Patent, TriDim has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the court, and TriDim will continue to suffer damages in the future unless Apple's infringing activities are enjoined by this Court.

9. Apple has induced and continues to induce infringement of the '326 Patent by intending that others uses, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '326 Patent, including, but not limited to, Apple's products that (1) use the iOS7 and iOS8 operating systems and include the Safari browser, (2) incorporate the "Cover Flow" user interface, and (3) include "Time Machine." Apple provides these products to others, such as customers, resellers and end-use consumers, who, in turn, use, offer for sale, or sell in the United States Apple's products that infringe one or more claims of the '326 Patent.

10. Apple indirectly infringes the '326 Patent by inducing infringement by others, such as resellers, customers and end-use consumers, in accordance with 35 U.S.C. § 271(b) in this District and elsewhere in the United States. Direct infringement is a result of the activities performed by the resellers, customers and end-use consumers of Apple's products that infringe one or more claims of the '326 Patent.

11. Apple has known of the '326 Patent at least as early as December 17, 2009, when Apple disclosed the '326 Patent in an Information Disclosure Statement during the prosecution of U.S. Patent No. 7,705,858. In fact, the '326 Patent has been referenced as prior art in 23 patents that were issued to Apple and relate to Apple's "Cover Flow" user interface, including U.S. Patent Nos. 8,584,543; 8,587,528; and 8,736,557.

12. Apple additionally received notice of the '326 Patent at least as of the date this lawsuit was filed.

13. Apple's affirmative acts of selling products that infringe one or more claims of the '326 Patent, causing such products to be manufactured and distributed, and providing instructions for using such products, induce Apple's resellers, customers and end-use consumers to use such products in their normal and customary way to infringe one or more claims of the '326 Patent. Apple performs the acts that constituted infringement, and induce actual infringement, with the

knowledge of the '326 Patent and with the knowledge or willful blindness that the induced acts constitute infringement.

14. Apple specifically intends for others, such as resellers, customers, and end-use consumers, to directly infringe one or more claims of the '326 Patent, or, alternatively, has been willfully blind to the possibility that its inducing acts would cause infringement. By way of example, and not as a limitation, Apple induces such infringement by its affirmative action by, among other things: (a) providing advertising on the benefits of using products that infringe one or more claims of the '326 Patent, including in marketing of the "Cover Flow" user interface, the Safari browser and "Time Machine"; (b) providing instructions on how to use the "Cover Flow" user interface, the Safari Browser, and "Time Machine" in Apple's products; and (c) providing hardware and software components required by the claims of the '326 Patent.

15. Accordingly, a reasonable inference is that Apple specifically intends for others, such as resellers, customers and end-use consumers, to directly infringe one or more claims of the '326 Patent in the United States because Apple has knowledge of the '326 Patent at least as of the date this lawsuit was filed, or December 17, 2009, and Apple actually induces others, such as resellers, customers and end-use consumers, to directly infringe the '326 Patent by using, selling, and/or distributing, within the United States, products that infringe one or more claims of the '326 Patent.

16. As a result of Apple's acts of infringement, TriDim has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,847,709

17. TriDim is the owner by assignment of United States Patent No. 5,847,709 ("the '709 Patent") entitled "3-D Document Workspace with Focus, Immediate and Tertiary Spaces."

The '709 Patent issued on December 8, 1998.  A true and correct copy of the '709 Patent is attached as Exhibit B.

18. Upon information and belief, Apple has been and is now infringing the '709 Patent in the State of California, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale products that infringe one or more claims of the '709 Patent.  Apple products that infringe one or more claims of the '709 Patent include, but are not limited to, Apple's products that (1) use the iOS7 and iOS8 operating systems and include the Safari browser, (2) incorporate the "Cover Flow" user interface, and (3) include "Time Machine."  Apple is directly infringing, literally infringing, and/or infringing the '709 Patent under the doctrine of equivalents.  Apple is thus liable for infringement of the '709 Patent pursuant to 35 U.S.C. § 271.

19. Apple has known of the '709 Patent at least as early as August 4, 2014 when Apple disclosed the '709 Patent in an Information Disclosure Statement during the prosecution of U.S. Patent No. 8,893,046, which relates to Apple's products.  Additionally, Apple disclosed the '709 Patent on August 5, 2014 in an Information Disclosure Statement during the prosecution of U.S. Patent No. 8,910,072, which relates to Apple's Safari products.

20. Apple additionally received notice of the '709 Patent at least as of the date this lawsuit was filed.

21. As a result of Apple's acts of infringement, TriDim has suffered and will continue to suffer damages in an amount to be proved at trial.

**PRAYER FOR RELIEF**

WHEREFORE, TriDim respectfully requests that this Court enter judgment in its favor and grant the following relief:

1. A judgment in favor of TriDim that Apple has infringed the '326, and '709 Patents;

2. A permanent injunction enjoining Apple and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '326 and '709 Patents, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Apple pay to TriDim its damages, costs, expenses, and prejudgment and post-judgment interest for Apple's infringement of the '326 and '709 Patents as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

4. Any and all other relief, at law or equity, to which TriDim may show itself to be entitled.

## DEMAND FOR JURY TRIAL

TriDim, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED: January __20__, 2015

*/s/ Kris Le Fan*
Steven T. Lowe, Esq. SBN 122208
steven@lowelaw.com
Kris LeFan, Esq., SBN 278611
kris@lowelaw.com
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Hao Ni (*pro hac vice* to be submitted)
hni@nilawfirm.com
Timothy Wang (*pro hac vice* to be submitted)
twang@nilawfirm.com
Neal Massand (*pro hac vice* to be submitted)
nmassand@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 310
Dallas, TX 75231

1
2　　　　　　　　　　　　　　　　　Telephone: (972) 331-4600
　　　　　　　　　　　　　　　　　Facsimile: (972) 314-0900
3
　　　　　　　　　　　　　　　　*Attorneys for TriDim*
4　　　　　　　　　　　　　　　　*TriDim Innovations, LLC*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case5:15-cv-00280-NC   Document1   Filed01/20/15   Page8 of 8